**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| COLLEEN CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-02399 |
| | ) | |
| JOHNSON COUNTY COMMUNITY COLLEGE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHNSON COUNTY COMMUNITY COLLEGE BOARD OF TRUSTEES | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Johnson County Community College (the "College") and Johnson County Community College Board of Trustees (the "Board") (collectively "Defendants") submit the following Answer to Plaintiff's Complaint. Defendants hereby deny every allegation not specifically admitted herein.

**PARTIES**

1. Defendants are without knowledge as to Plaintiff's home address. Defendants admit the remaining allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit that the Defendant Board has the authority granted by state law and deny the remainder of allegations in Paragraph 4.

5. Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5.

6.      Paragraph 6 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 6.

7.      In response to the allegations in Paragraph 7, Defendants deny engaging in the unlawful acts, conduct and omissions alleged in the Complaint, but admit Defendants were otherwise acting within the course and scope of their agency or employment.

## JURISDICTION AND VENUE

8.      Defendants admit this Court has jurisdiction.

9.      Defendants admit this Court has jurisdiction.

10.     Defendants admit venue is proper in this Court.

## FACTUAL ALLEGATIONS

11.      In response to the allegations in Paragraph 11, Defendants admit Plaintiff was employed by the College from September 18, 2015 until her termination on September 9, 2023. Answering further, Defendants admit Plaintiff was employed as the Vice President of Human Resources at the time of her termination, a position to which she was appointed on February 1, 2023. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 11.

12.     Defendants admit the allegations in Paragraph 12.

13.     Paragraph 13 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 13.

14.     Answering Paragraph 14, Defendants admit that Plaintiff was subject to the control of the College as to the means and manner of accomplishing her work as an employee. Defendants deny the remaining allegations in Paragraph 14.

15.     Defendants admit the allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.    Answering Paragraph 17, Defendants admit Plaintiff did not receive formal discipline, but assert that she was repeatedly coached on performance concerns and was subject to several complaints during her employment. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 17.

18.    Defendants deny the allegations in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph 20.

21.    Defendants deny the allegations in Paragraph 21.

22.    In response to the allegations in Paragraph 22, Defendants admit Plaintiff received an annual performance evaluation in April 2023, reviewing her job performance for the prior year. Defendants state that the written performance evaluation speaks for itself and is the best evidence of the information contained therein. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 22.

23.    In response to the allegations in Paragraph 23, Defendants admit that in the course of her regular job duties and responsibilities, Plaintiff communicated with Defendants' employees about certain HR-related concerns regarding job duties. Except as expressly stated herein, Defendants deny the allegations in Paragraph 23.

24.    Defendants deny the allegations in Paragraph 24.

25.    In response to the allegations in Paragraph 23, Defendants admit that in the course of her regular job duties and responsibilities, Plaintiff communicated with Defendants' employees about certain HR-related concerns. Except as expressly stated herein, Defendants deny the allegations in Paragraph 25.

26.     In response to the allegations in Paragraph 26, Defendants admit Plaintiff was notified on July 26, 2023 that she was being placed on paid administrative leave due to failure to effectively execute her duties. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 26.

27.     In response to the allegations in Paragraph 27, Defendants admit Plaintiff was notified on July 26, 2023 that she was being placed on paid administrative leave due to failure to effectively execute her duties, was offered a separation agreement, and, as is standard practice, her electronic access was disabled. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28 as stated.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants admit the allegations in Paragraph 31.

32.     In response to the allegations in Paragraph 32, Defendants admit Plaintiff appealed her termination and sent written documentation alleging her termination was based on sex/gender and/or age and/or whistleblowing. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 32.

33.     Defendants admit the allegations in Paragraph 33.

34.     In response to the allegations in Paragraph 34, Defendants admit Plaintiff filed a charge of discrimination on March 6, 2024 alleging age and sex discrimination and retaliation. Answering further, Defendants state that the written document speaks for itself and is the best evidence of the information contained therein. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 34.

35. Defendants admit the allegations in Paragraph 35, based on information and belief.

36. Defendants are without knowledge sufficient to form a belief regarding the truth of the allegations in Paragraph 36, and therefore deny the same.

37. Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 37.

## COUNT I – AGE DISCRIMINATION (ADEA)

38. Defendants incorporate by reference their responses to Paragraphs 1 through 37 as if fully set forth herein.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47. Defendants further deny that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph immediately below Paragraph 47.

## COUNT II – RETALIATION (ADEA)

48. Defendants incorporate by reference their responses to Paragraphs 1 through 47 as if fully set forth herein.

49. Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53. Defendants further deny that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph immediately below Paragraph 53.

## COUNT III – SEX DISCRIMINATION (TITLE VII)

54.     Defendants incorporate by reference their responses to Paragraphs 1 through 53 as if fully set forth herein.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59. Defendants further deny that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph immediately below Paragraph 59.

## COUNT IV – TITLE VII RETALIATION

60.     Defendants incorporate by reference their responses to Paragraphs 1 through 59 as if fully set forth herein.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64. Defendants further deny that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph immediately below Paragraph 64.

### COUNT V – KANSAS PUBLIC POLICY
### (WHISTLEBLOWER RETALIATION)

65. Defendants incorporate by reference their responses to Paragraphs 1 through 64 as if fully set forth herein.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72. Defendants further deny that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph immediately below Paragraph 72.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants' affirmative and other defenses are set forth below. By stating a defense, Defendants do not thereby assume the burden of proof on such defense except to the extent applicable law requires it to plead and prove the defense in order to avail itself of the defense. Defendants reserve the right to assert any additional defenses that arise during discovery or through evidence presented at trial.

1. Defendants deny every allegation not specifically admitted herein.

2. Plaintiff fails to state a claim for which relief can be granted.

3. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

4. Some or all of Plaintiff's claims are barred for failure to timely exhaust her administrative remedies.

5. The Court lacks subject-matter jurisdiction over any claims not properly exhausted in the administrative agency process.

6. Defendants' conduct toward and treatment of Plaintiff was justified, legitimate, non-discriminatory, non-retaliatory, and undertaken in good faith.

7. Defendants' actions taken toward Plaintiff were based on independent factors unrelated to Plaintiff's protected classes or alleged whistleblowing activities.

8. Plaintiff's whistleblower and retaliation claims are barred to the extent any alleged whistleblowing or protected activity in which she engaged were within her job duties and responsibilities.

9. To the extent any alleged discrimination or retaliation was a motivating factor with respect to any employment action taken by Defendants concerning Plaintiff, which it was not, the same actions would have been taken in the absence of a motivating factor.

10. Plaintiff fails to establish a prima facie case for each count alleged.

11. Any actions taken by Defendants were in good faith and without malice and were motivated by legitimate business and operational concerns, rather than retaliatory intent.

12. No impermissible factors played any role in the Defendants' treatment of Plaintiff.

13. Defendants have not engaged in intentional, willful, or wanton discrimination with malice or reckless indifference to Plaintiff, and Defendants are therefore not liable for actual, compensatory, or punitive damages.

14. Plaintiff's damages, if any, are not of the nature or extent alleged.

15.     Plaintiff's damages, if any, were not caused by the acts or omissions of Defendants.

16.     Plaintiff's claims for damages are barred or reduced to the extent she failed to mitigate her damages, if any.

17.     Plaintiff's claims for damages are barred to the extent they are speculative in nature.

18.     Plaintiff cannot obtain duplicative recovery under her claims for relief.

19.     Plaintiff's claims for damages are barred to the extent she seeks amounts in excess of the applicable limits imposed by Title VII, the ADEA, or state law.

20.     Plaintiff's injuries, if any, were not caused by any act or omission of the Defendants, but were caused by the fault of others, including Plaintiff.

21.     Plaintiff's claims may be barred, or her damages may be precluded or limited by the after-acquired evidence doctrine.

22.     Defendants reserve the right to amend their affirmative and other defenses as they may become known during discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request judgment in their favor and against Plaintiff on all claims, for their fees and expenses, and for such other relief as the Court may deem appropriate.

Respectfully submitted by,

FOULSTON SIEFKIN LLP

By: */s/ Tara Eberline*
Tara Eberline, KS Bar No. 22576
7500 College Boulevard, Suite 1400
Overland Park, KS 66210
Tel. 913-253-2136
Fax. 913-498-2101
teberline@foulston.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September 2025, I electronically filed the above and foregoing with the Clerk of the Court using the Court's Electronic Filing System, which sends notification of such filing to all counsel of record.

*/s/ Tara Eberline*
Tara Eberline, KS #22576