Rev. 12/29/2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COLLEEN CHANDLER,

       Plaintiff,

       v.                                                   Case No. 25-cv-2399-EFM-TJJ

JOHNSON COUNTY COMMUNITY COLLEGE,
JOHNSON COUNTY COMMUNITY COLLEGE
BOARD OF TRUSTEES,

       Defendants.

## SCHEDULING ORDER

On October 30, 2025, U.S. Magistrate Judge Teresa J. James conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Colleen Chandler appeared through counsel Ryan McEnaney in person. Defendants Johnson County Community College and Johnson County Community College Board of Trustees appeared through counsel Sara O'Keefe in person.[1]

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| CHANDLER V. JOHNSON COUNTY COMMUNITY COLLEGE ET AL<br>25-cv-2399-EFM-TJJ<br>SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **November 14, 2025** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **November 21, 2025** |
| Voluntarily Exchange Rule 26 Documents | **November 21, 2025** |
| Email to chambers re ESI protocol | **November 24, 2025** |
| Plaintiff's settlement proposal | **December 5, 2025** |
| Defendant's settlement counter-proposal | **December 19, 2025** |
| Motions to amend or join additional parties | **December 23, 2025** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **January 9, 2026** |
| Plaintiff Experts disclosed | **February 6, 2026** |
| ADR report filed | **14 days after mediation held** |
| Defendant Experts disclosed | **March 6, 2026** |
| Rebuttal experts disclosed | **March 20, 2026** |
| Mediation completed | **March 28, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **June 13, 2026** |
| Proposed pretrial order due | **June 27, 2026** |
| Pretrial conference in KCK Courtroom 236 | **July 7, 2026 at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **August 1, 2026** |
| Motions challenging admissibility of expert testimony | **August 1, 2026** |
| Jury Trial in KCK — ETT 5 days | **Set at Pretrial Conference** |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation.  Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **December 5, 2025**.  Defendant must make a good-faith counter-proposal by **December 19, 2025**.  By **January 9, 2026**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_james_chambers@ksd.uscourts.gov.*  These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office.  These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.  If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts.  Absent further order of the court, mediation is ordered no later than **March 28, 2026**.  Defense counsel **must file an ADR report within 14 days** after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

2.      **Discovery.**

**a.** The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **November 21, 2025**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**b.** All discovery must be commenced or served in time to be completed by **June 13, 2026**.

1. The parties are cognizant that this proposed close of discovery deadline exceeds this Court's recommended timeline. The parties jointly provide the following justifications for a longer discovery period:

    i. Defendant is a public educational institution that is, for all intents and purposes, closed during the Thanksgiving and Winter holiday seasons. Many potential witnesses and/or employees who will be tasked with retrieving documents and other information will likely be unavailable during the holidays to participate in timely discovery;

    ii. Counsel for both parties have cases in this Court with very similar recommended scheduling deadlines as in this case. The parties believe that separating the respective discovery deadlines will facilitate more efficient litigation and enable counsel to serve their clients more diligently without having to, for example, draft two

Pre-Trial Orders or two dispositive motion briefings concurrently with another case.

c.       The parties agree that principles of comparative fault do not apply.

d.       Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: by Plaintiff by **February 6, 2026**, and by Defendant by **March 6, 2025**; disclosures and reports by any rebuttal expert(s) must be served by **March 20, 2026**.  The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).]

e.       The parties **agree that** physical or mental examinations pursuant Fed. R. Civ. P. 35 **are not** appropriate in this case.

f.       The court considered the following discovery problem(s) raised by one or more of the parties: None.

g.       Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

Both parties have been advised of their obligations to preserve electronic records during the pendency of this litigation.

The parties agree that all relevant, non-privileged documents or other ESI shall be bates labeled and initially produced in searchable .pdf form,

paper, or native format. In the event a party believes that a document should be produced with metadata intact, the party will request the production of the document in such format. If the parties disagree over the production of any document in this format, they will meet and confer and then bring any unresolved disagreements to the Court.

The parties will confer in good faith and if possible, agree on whether ESI searches are necessary, and if so, agree on ESI terms, custodians, and date ranges for ESI searches, including emails, and/or potentially other forms of ESI. If a party believes there is relevant, non-privileged ESI that has not been produced, it must articulate in writing a good faith explanation for this belief to the producing party. Upon receipt of any such written explanation, the parties will confer in good faith regarding the existence or nonexistence of such information and then bring any unresolved disagreements to the Court.

By **November 24, 2025**, the parties are to meet and confer and inform the Court via email whether a formal ESI protocol is necessary.

**h.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties will follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) and the joint Protective Order that will be submitted to the Court.

**i.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel: None at this time.

**j.** All depositions will be governed by the written guidelines on the court's website:

*https://ksd.uscourts.gov/file/843*

**k.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **November 14, 2025**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

6

*https://ksd.uscourts.gov/file/919*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **November 21, 2025**.

l.      The parties **do** consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

m.      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.      Motions**

a.      Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **December 23, 2025**.

7

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **August 1, 2026**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*https://ksd.uscourts.gov/file/326*.

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **August 1, 2026**.

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion,

material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.** See D. Kan. Rule 7.1(d)(1)-(4), for applicable page limitations for discovery related motions, summary judgment motions, and other motions.

**4.    Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **July 7, 2026 at 10:00 a.m.** in the U.S. Courthouse, Room 236, 500 State Avenue, Kansas City, Kansas before Magistrate Judge Teresa James. Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later **June 27, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_james_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.** The parties expect the jury trial of this case to take approximately **5** trial days. The trial for this case will be held in Kansas City, Kansas before District Judge Eric F. Melgren. The court will subsequently set this case for trial at the pretrial conference.

**c.**       If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

**d.**       This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated October 30, 2025, at Kansas City, Kansas.

U.S. Magistrate Judge