# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| COLLEEN CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-02399-EFM-TJJ |
| | ) | |
| JOHNSON COUNTY COMMUNITY | ) | |
| COLLEGE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINTLY PROPOSED PROTECTIVE ORDER

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because this lawsuit involves allegations of disparate treatment, discrimination, and retaliation based upon Plaintiff's age and sex, which allegations will involve current and previous employees of Defendant who are not parties to this litigation. The documents produced in this action will include highly confidential information, including, but not limited to: (1) personnel information about Plaintiff and other past or present employees of Defendant; (2) disciplinary documents regarding Plaintiff and her comparators; (3) financial information about the parties that may include account numbers or other sensitive data; (4) employment information about Plaintiff; and (5) and other information that is exempt from

disclosure under the Kansas Open Records Act. See Kan. Stat. Ann. § 45-221(a). Public disclosure of Plaintiff's or other non-parties' personnel files and disciplinary documents or other confidential information may result in serious injury and embarrassment to those individuals if disciplinary, performance-related, or other highly confidential information was unnecessarily disclosed to the public. Such disclosure could make it more difficult for those individuals to obtain future employment or otherwise damage their reputations or subject those individuals to the risk of identity theft. Furthermore, there may be a need to exchange confidential, internal JCCC correspondence related to sensitive personnel or management matters involving Plaintiff, her coworkers, supervisors, or alleged comparators, all of which could result in serious injury to the impacted individuals' reputations or future job prospects.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and enters the following Protective Order:

1.    **Scope.**    All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.    **Definition of Confidential Information.**    As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the

2

parties will limit their designation of "Confidential Information" to the following categories of information or documents:

> (1)    Employment records, including personnel files, performance reviews, disciplinary documents, medical records and information, and other personnel documents of Plaintiff and other JCCC employees;

> (2)    Records exempt from disclosure under the Kansas Open Records Act including confidential, internal JCCC correspondence relating to sensitive personnel or management matters involving Plaintiff, her coworkers, supervisors, or alleged comparators;

> (3)    personnel information concerning Plaintiff or any other current or former employee or applicant for employment of Defendant;

> (4)    confidential information concerning Plaintiff, including financial, tax, employment, medical, psychological, other confidential records, and other non-public personal information;

> (5)    non-public confidential information relating to the financial and/or tax information of the Parties or third parties; and

> (6)    records, documents, and information whose disclosure is restricted or prohibited by regulation, statute, or case law.

Information or documents that are available to the public may not be designated as Confidential Information.

**3.      Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are

3

produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* certifies that the document contains Confidential Information.

4.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within thirty (30) days after discovering the inadvertent failure.

5.      **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6.      **Protection of Confidential Material.**

(a)      **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

(b)      **Who May View Designated Confidential Information.** Except with the designating party's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:

(1)     The parties, including their employees, agents, and representatives;

(2)     Counsel for the parties and their employees and agents;

(3)     The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Any mediator appointed by the court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have agreed to be bound by this Order;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have agreed to be bound by this Order;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)     Control of Documents.**  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information.  Counsel for the parties must maintain a record of those persons, excluding the parties; the parties' agents and employees; and agents and employees of counsel, who have reviewed or

been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

7.   **Filing Confidential Information.**   A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) complying with this court's under-seal filing procedure set forth in D. Kan. Rule 5.4.2 and Standing Order 25-04. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

8.   **Challenging a Confidential Designation.**   Any party may challenge the designation of any material or document as Confidential Information. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge, but must first arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) before filing such a motion. The burden of proving the necessity of a confidentiality designation remains with the

party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

9.      **Using Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial. The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order, or the right to file a motion *in limine* regarding the use of any such documents.

10.     **Obligations on Conclusion of Litigation.**

(a)     **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)     **Returning Confidential Documents.**  Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to

destruction of the document to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Counsel further retains the right to keep a copy of all documents designated as containing Confidential Information as part of their maintenance of client files as required by the applicable rules of professional conduct or as required by any malpractice insurance carrier.

(c)    **Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11.    **Modification.** This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

---

[1]    The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, Confidential Information contained in deposition transcripts, or Confidential Information contained in draft or final expert reports.

**12.     Enforcement.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**13.     No Prior Judicial Determination.**  This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**14.     Persons Bound.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15.     Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16.     Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**17.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving

party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

18.    **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on  attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within ten (10) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.

Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of this Order.  Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated:  November 17, 2025, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

| **WE SO MOVE** | **WE SO MOVE** |
| **and agree to abide by the** | **and agree to abide by the** |
| **terms of this Order** | **terms of this Order** |

*/s/  Ryan P. McEnaney*          /s/ *Sara O'Keefe*
Signature                               Signature

**Ryan P. McEnaney**            **Sara O'Keefe**
Printed Name                         Printed Name

Counsel for:  **Plaintiff**          Counsel for:  **Defendant**

**Dated:        11/14/2025        Dated:  11/14/2025**

11